

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 25, 1975

Mr. E. Richard Friedman, O.D.
Chairman of the Board
Texas Optometry Board
P. O. Box 24280
Dallas, Texas 75237

Opinion No. H- 674

Re:    Whether the Optometry
       Board is required to
       dedicate ten dollars of
       each renewal fee to the
       University of Houston
       Development Fund.

Dear Mr. Friedman:

You have requested our opinion concerning the following question.

> Does Section 2.15 of the Texas Optometry Act
> require that $10.00 of each renewal fee collected
> by the Board be dedicated to the University of
> Houston Development Fund to be utilized solely
> for scholarships and improvements in the physical
> facilities, including library, of the School of
> Optometry?

In our understanding, your question arises from the failure of the
Legislature to include this dedication of funds in the 1975 Appropriations
Act.

Article 4552-2.15(c), V.T.C.S., provides:

> The funds realized from annual renewal fees
> shall be distributed as follows: $10 of each renewal
> fee collected by the board shall be dedicated to the
> University of Houston Development Fund. The license
> money placed in the development fund pursuant hereto
> shall be utilized solely for scholarships and improve-
> ments in the physical facilities, including library, of
> the School of Optometry.

The remainder of the fees attributable to annual
renewal fees and all other fees payable under this
Act shall be placed in the state treasury to the credit
of a special fund to be known as the 'Optometry Fund, '
and the comptroller shall upon requisition of the board
from time to time draw warrants upon the state trea-
surer for the amounts specified in such requisition;
provided, however, the fees from this optometry
fund shall be expended as specified by itemized appro-
priation in the General Appropriations bill and shall
be used by the Texas Optometry Board, and under its
direction in carrying out its statutory duties.

The first portion of the statute clearly requires the dedication of $10
of each renewal fee to the University of Houston Development Fund.  In
Attorney General Opinion M-958 (1971) this office stated that the use of
funds contemplated by article 4552-2.15(c) was for a public purpose and
that the provision was therefore constitutional.  However, that opinion
did not involve the procedure by which the allocation of funds is made.

We believe the allocation of funds is valid without an appropriation.
While article 8, section 6, of the Texas Constitution requires moneys in
the Treasury to be spent only pursuant to an appropriation, in our opinion
this requirement is not relevant to the dedication and allocation of funds
to the University of Houston Development Fund for the statute clearly
indicates that the dedication occurs before the money is deposited in the
Optometry Board's account in the State Treasury.  Friedman v. American
Surety Co. of New York, 151 S. W. 2d 570 (Tex. Sup. 1941).  Attorney General
Opinions M-1041 (1972), M-970 (1971).  This opinion is not in conflict with
Attorney General Opinion M-787 (1971) as the question in that opinion
concerned only the second portion of article 4552-2.15(c).

## S U M M A R Y

Pursuant to article 4552-2.15(c), $10 of each renewal fee is to be placed in the University of Houston Development Fund.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee